UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILKY PIERRE TOUSSAINT,

    Plaintiff,

v.                                       Case No. 3:16cv396-RV-CJK

MILTON POLICE DEPARTMENT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

On September 7, 2017, the undersigned entered an order (doc. 8) advising plaintiff that, upon review of the complaint, it was evident the facts as presented failed to support a viable claim for relief against the defendant and allowing plaintiff an opportunity to cure the deficiencies in an amended complaint. The undersigned directed the clerk of court to forward plaintiff a civil rights complaint form and allowed plaintiff 30 days in which to file either a notice of voluntary dismissal or an amended civil rights complaint. The undersigned advised that failure to comply with the order as instructed would result in a recommendation that the case be dismissed.

After more than 30 days passed and plaintiff had filed neither a notice of voluntary dismissal nor an amended complaint, the undersigned entered an order (doc. 9) directing plaintiff to show cause within 14 days why the matter should not be dismissed for failure to prosecute and/or failure to comply with an order of the court. Plaintiff responded to the show cause order by filing a document titled "Amended Civil Rights Complaint and Order to Show Cause" (doc. 10). The undersigned advised plaintiff (doc. 11) that the document is deficient. Specifically, the undersigned advised that to the extent the document was intended as an amended complaint, it is not on the court form and contains at least some of the deficiencies previously pointed out to plaintiff, including that plaintiff sues a defendant not subject to suit under § 1983. The undersigned further advised that to the extent the document was intended merely as a response to the show cause order, plaintiff wholly fails to address his failure to comply. The undersigned allowed plaintiff a final opportunity to show cause within 14 days why the matter should not be dismissed or, alternatively, to file a notice of voluntary dismissal or an amended complaint consistent with the amend order (doc. 8) previously entered. The undersigned advised that failure to comply with the order as instructed would result in a

recommendation that the matter be dismissed for failure to prosecute and/or failure to comply with an order of the court.

More than 14 days have passed and plaintiff has not complied. Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to prosecute and/or failure to comply with an order of the court.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 29th day of November, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** See **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**